**WO**                                                                                          SC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ronald Edward Smith, | ) No. CV 09-0100-PHX-MHM (DKD) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| MCSO Towers Kitchen, | ) |
| Defendant. | ) |

Plaintiff Ronald Edward Smith, who is confined in the Towers Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

JDDL-K

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

**III.   Complaint**

Plaintiff alleges two counts regarding the food provided to him as a pretrial detainee. Plaintiff sues only the MCSO Towers Kitchen.  He seeks compensatory relief.

**IV.   Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.   Failure to Name a Proper Defendant**

To state a claim under § 1983, a plaintiff must sue a "person" who, acting under color of state law, violated the plaintiff's constitutional rights.  A "person" for purposes of § 1983, includes officials or officers who directly violated or caused a violation of a plaintiff's constitutional rights.  Further, a supervisor "is only liable for constitutional violations of his

subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). In addition, Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous or unnamed defendant. That is, a plaintiff must sue the "persons" responsible, not "staff" or fictitiously-named defendants.

In addition to individual officers, a municipality is also a "person" for purposes of § 1983, i.e., a municipality, such as a city or county, may be sued. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality. Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91); Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). Therefore, a plaintiff cannot state a § 1983 claim against a municipal defendant unless he alleges that the municipal defendant maintained a policy or custom pertinent to the plaintiff's alleged injury and explains how such policy or custom caused his injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff sues only the MCSO Towers Kitchen. That is not a "person" subject to suit pursuant to § 1983. Therefore, it will be dismissed.

**B.    Conditions of Confinement (Meals)**

In Count I, Plaintiff asserts that he has been denied the right to edible food and that he should not have to buy edible food. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for unconstitutional conditions arises from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S.

1   520, 537 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Nevertheless, the

2   same standards are applied.  See Frost, 152 F.3d at 1128.  To state a claim for

3   unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious"

4   deprivation that results in the denial of "the minimal civilized measure of life's necessities."

5   Farmer v. Brennan, 511 U.S. 825, 834 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.

6   1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That

7   is, a plaintiff must allege facts supporting that he is incarcerated under conditions posing a

8   substantial risk of harm.  Farmer, 511 U.S. at 834.  Whether a condition of confinement rises

9   to the level of a constitutional violation may depend, in part, on the duration of an inmate's

10  exposure to that condition.  Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (citing Hutto

11  v. Finney, 437 U.S. 678, 686-87 (1978)).  In addition to alleging facts to support that he is

12  confined in conditions posing a substantial risk of harm, a plaintiff must also allege facts to

13  support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted

14  with deliberate indifference to inmate health or safety.  See Farmer, 511 U.S. 837.  In

15  defining "deliberate indifference" in the jail context, the Supreme Court has imposed a

16  subjective test: "the official must both be aware of the facts from which the inference could

17  be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference."

18  Id.  A plaintiff must also allege how he was injured by the alleged unconstitutional

19  conditions.  See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1996) (doctrine of standing

20  requires that claimant have suffered or will imminently suffer actual harm); Caswell v.

21  Calderon, 363 F.3d 832, 836 (9th Cir. 2004).

22         With respect to meals, "[t]he Eighth Amendment requires only that prisoners receive

23  food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."

24  LeMaire v. Maass, 121 F.3d 1444, 1456 (9th Cir. 1993) (citations omitted); Frost, 152 F.3d

25  at 1128 (applying Eighth Amendment standard to a pretrial detainee's Fourteenth

26  Amendment claims regarding conditions of confinement).  "The fact that the food

27  occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not

28  amount to a constitutional deprivation."  Id.  (quoting Hamm v. Dekalb County, 774 F.2d

1567, 1575 (9th Cir. 1985)).  An inmate may, however, state a claim where he alleges that he is served meals with insufficient calories for long periods of time.  Id.

Plaintiff makes only conclusory allegations that the food is unfit for human consumption and is inedible.  He does not allege that he has received inadequate nutrition or lost weight due to inadequate meals.  Plaintiff also fails to allege facts to support that any "person" acting under color of state law has acted with deliberate indifference in providing meals.  Absent the allegation of additional facts, Plaintiff fails to state a constitutional violation based upon the food provided to inmates.

### C.    Neglect

In Count II, Plaintiff alleges that the provision of outdated food, spoiled milk and meat, and blackened vegetables, "make a person consider starving." (Doc.# 1 at 4.)  For the reasons discussed above, these allegations fail to state a claim.  Moreover, to the extent that Plaintiff alleges negligence, he fails to state a constitutional violation.  Negligence by a defendant acting under color of state law is not sufficient to state a claim under § 1983.  Daniels v. Williams, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere negligence in a § 1983 action); see Alfrey v. United States, 276 F.3d 557, 568 (9th Cir. 2002).  Accordingly, Count II fails to state a claim.

### V.    Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

1   A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963

2   F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

3   1546 (9th Cir. 1990).   After amendment, the Court will treat an original complaint as

4   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

5   complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

6   565, 567 (9th Cir. 1987).

7   **VI.     Warnings**

8       **A.     Release**

9       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

10  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

11  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

12  in dismissal of this action.

13      **B.     Address Changes**

14      Plaintiff must file and serve a notice of a change of address in accordance with Rule

15  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

16  relief with a notice of change of address.  Failure to comply may result in dismissal of this

17  action.

18      **C.     Copies**

19      Plaintiff must submit an additional copy of every filing for use by the Court.  See

20  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

21  to Plaintiff.

22      **D.     Possible "Strike"**

23      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

24  to file an amended complaint correcting the deficiencies identified in this Order, the

25  dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

26  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

27  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

28  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.  (Doc.# 3.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.  (Doc.# 1.)

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 12th day of February, 2009.

Mary H. Murguia
United States District Judge

JDDL-K

- 7 -